IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| HOPE ELLY,<br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL<br>INSURANCE COMPANY<br>and FRANCESCA'S<br>COLLECTIONS, INC.,<br>Defendants. | )<br>)<br>)   CIVIL ACTION NO.<br>)<br>)      1:19-cv-537-LG-RHW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Hope Elly files this Title III, ADA action, pursuant to 42 U.S.C. §12181, et. seq. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment of the premises to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin the Defendants' failure to remove barriers and alter the facility to be readily accessible to and usable by individuals with disabilities.

### II.   JURISDICTION, PARTIES, AND ARTICLE III STANDING

**1.** This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3. Plaintiff, Hope Elly, resides in Grand Bay, Alabama. She has experienced cerebrovascular accidents, more commonly known as strokes. Both her motor and sensory functions are affected, resulting in weakness and/or muscle paralysis. Therefore, maintaining balance, walking, and the ability to use her hands are extremely impaired. As a result of her disability, she relies on a walker or wheelchair for mobility. She is limited in her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Elly is, accordingly, a person with a disability, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4. Plaintiff, Hope Elly, resides about an hour's drive from Biloxi, Mississippi and vacations at least once per year on the Mississippi Gulf Coast especially for the shopping and local entertainment such as casinos. When she has visited the Biloxi area, she has visited Francesca's located in Edge Water Mall because she enjoys shopping at Francesca's for the unique variety and style of clothing. She has definite plans to return to Francesca's during 2019 to enjoy its retail amenities and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty she experienced when attempting to access the merchandise and fitting rooms.[1]

5. Defendant, American National Insurance, Co. (hereinafter "American National") is a corporation that is registered to conduct business and is conducting business within the State

---

[1] The Eleventh Circuit, held in <u>Houston v. Marod Supermarkets</u>, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store.*"

of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, American National "owns" and "leases" the real property and improvements located at 2600 Beach Blvd Suite 30, Biloxi, MS 39531, (hereinafter referred to as "Francesca's" or "the store") 42 U.S.C. § 12182. As a retail sales establishment, the Store qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

6. Defendant, Francesca's Collections, Inc., is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Francesca's Collections, Inc. "operates" and/or "leases" the real property and its improvements located at 2600 Beach Blvd Suite 30, Biloxi, MS 39531, hereinafter referred to as "Francesca's" or "the Store". 42 U.S.C. § 12182. As a retail sales establishment Francesca's qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

7. Because of the various types of barriers described below, Plaintiff has been denied full and equal enjoyment of the Defendants' premises on the basis of her disabilities.

8. Plaintiff, accordingly, has Article III standing to pursue this case because: (1) she is a person with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) She has suffered a concrete and particularized injury by being denied access to the facility by architectural barriers, by policies and practices, and by denial of the use of the facility for her full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. (See Footnote 1). Furthermore, she has definite plans during 2019 to return to the facility.

**III.     COUNT ONE – FAILURE TO REMOVE ARCHITECTURAL BARRIERS WHEN READILY ACHIEVABLE [42 U.S.C. § 12182 (b)(2)(A)(iv)]**

9. Plaintiff is informed and believes based on publicly available information that the facility was constructed for first occupancy prior to the effective date of the 1991 ADA Accessibility Guidelines. However, upon information and belief, the Defendants have not fulfilled their obligation under the ADA Accessibility Guidelines to remove architectural barriers when readily achievable to do so. [42 U.S.C. § 12182(b)(2)(A)(iv)] 28 CFR § 36.304

**Architectural Barriers**

10. When the Plaintiff visited the store during the last week of March 2019, she experienced the following accessibility barriers:

Path of Travel Throughout Store Aisles

10.1. Defendants fail to maintain a 36-inch-wide (accessible) path of travel and the required wheelchair turning space in and throughout the shopping aisles due to the placement of merchandise, display racks and other movable items which encroach into the required clear floor space;

Fitting Rooms

10.2. The cluster of fitting rooms does not contain a designated accessible fitting room as required;

10.3. None of the fitting rooms are designated by a sign displaying the International Symbol of Accessibility;

10.4. The configuration and size of the fitting room containing a bench does not provide the required maneuvering clearance or turning space within the room;

10.5. The bench does not comply with the dimensional requirements of the Standards and does not provide the required clear floor space;

11. Unless Defendants take remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of her disabilities.

12. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

13. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

IV. **COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]**

14. Plaintiff incorporates by reference and realleges all the above paragraphs as if fully set forth herein.

15. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

16. Defendants have failed to make modifications in policies, practices, and procedures as follows:

   a) The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or

        implement policies and procedures for the removal of architectural barriers when readily achievable to do so.

    **b)** Defendants' practice of allowing employees to place merchandise and other movable items within and throughout store aisles and display areas denies individuals with disabilities the full use of and access to these areas.

    **c)** The lack of accessible fitting rooms demonstrates a policy of excluding customers with disabilities from equal access to all components of the shopping experience.

    **d)** As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practices and procedures, either explicitly or implicitly, are to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

**17.** To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

**18.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**19.** Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

**20.** Therefore, the Plaintiff hereby demands that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed

from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services.

## V.     COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

21.     Plaintiff incorporates by reference and realleges all the above paragraphs as if fully set forth herein.

22.     Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

23.     For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities from full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

24.     Plaintiff was denied full and equal access to the Store due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

    a) The inaccessible path of travel in and throughout the store aisles makes it difficult, if not impossible, for Plaintiff to move freely, access merchandise, and, therefore, have an equal shopping experience;

    **b)** The inaccessible features of the dressing/fitting rooms prohibit Plaintiff from having equal use of these areas due to insufficient maneuvering clearance as well as an accessible bench or signage.

**25.** Defendants' continued failure to maintain ADA accessibility as an integral part of the facility and shopping experience has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment

**26.** Defendants' conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA.

**27.** Absent a Court ordered injunction, Defendants will continue to deny Plaintiff equal access to the goods and services offered at the Store.

**28.** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**29.** Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

**VI.**     **COUNT FOUR – FAILURE TO REMOVE ARCHITECTURAL BARRIERS WHEN READILY ACHIEVABLE [42 U.S.C. § 12183(a)(1)]**

**30.** Plaintiff incorporates by reference and realleges all the above paragraphs as if fully set forth herein.

**31.** Title III specifically states that for public accommodations discrimination includes "failure to remove architectural barriers . . . in existing facilities" unless it can be shown that

removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (See 42 U.S.C. Section 12182(b)(2)(iv) & (v).

32. The Department of Justice Regulations also provide accessibility Standards for conducting readily achievable barrier removal in existing facilities. (28 C.F.R. §36.304(a) et seq.).

33. To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers in compliance with the ADA Standards.

34. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

35. Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiff Hope Elly demands judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

1) That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

2) That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3) That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4) That the Court enter an order directing the Defendants to provide full and equal access to the use of the Store, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5) That the Court enter an order directing the Defendants to immediately remediate The architectural barriers at the Store by conducting readily achievable barrier removal as required. (See Count Four);

6) That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7) That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:   August 21, 2019

Respectfully submitted,

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 21st day of August 2019 to the following:

**AMERICAN NATIONAL INSURANCE COMPANY**
Attn.: Legal Department
One Moody Plaza
Galveston, TX 77550

**FRANCESCA'S COLLECTIONS, INC**
c/o Corporation Service Company, Registered Agent
7716 Old Canton Road, Suite C
Madison, MS 39110

*Pshon Barrett*
PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*